104·15    105·15    106·15

NO. PD-010415
PD-010515
PD-010615

ORIGINAL

IN THE COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS. U.S.A

IGNACIO MARTIN GONZALEZ
Appellant-Petitioner,

VS.

THE STATE OF TEXAS
Appellee - Respondent,

APPEALED FROM THE 184TH JUDICIAL DISTRICT
COURT OF HARRIS COUNTY TEXAS
CAUSE NOS. 1377914, 1377915, 1377916
C.O.A NOS. 01-13-00903-CR, 01-13-00904-CR
01-13-00905-CR

PETITION FOR DISCRETIONARY REVIEW
[ WITH AUTHORITIES ]

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 04 2015

Abel Acosta, Clerk

IGNACIO MARTIN GONZALEZ
T.D.C.J. NO. 1890295
Petitioner Pro Se
Assisted by The I.H Lawyer
REYNALDO FLORES
T.D.C.J. NO. 1912036
210 FM 624
COTULLA, TX 78014

ORAL ARGUMENT REQUESTED.

## IDENTITY OF THE PARTIES AND COUNSELS

Appellant, Petitioner

Mr. IGNACIO M. GONZALEZ
T.D-C.J., Cotulla Unit

J.H. Lawyer For Appellant, Petitioner,

Mr. REYNALDO FLORES,
T.D.C.J. Cotulla Unit

Counsels Appointed to Convict the Appellant-Petitioner; at Trial

Mr. ALBERTO VILLARREAL
Mr. MAVERICK RAY

Counsels For the State:
District Attorney of Harris City

Mr. DEVON ANDERSON

Assistant District Attorney at Trial

Mrs. MELISSA DICKSON
Mrs. KATIE DAVIS

Assistant District Attorney on Appeal

Mrs. JESSICA AKINS

Counsel Appointed to Affirm Appellant's Ex Post Facto-Double Jeopardy Conviction on Appeal.

Mrs. DAUCIE SCHINDLER

Trial Judge Presiding

HONORABLE: JAN KROCKER

Court of Appeals First District of Texas Chief Justice

HONORABLE: SHERRY RADACK

TERRY JENNINGS
EVELYN KEYES
LAURA CARTER HIGLEY
JANE BLAND
MICHAEL MASSENGALE
HARVEY BROWN
REBECA HUDDLE
RUSSEL LLOYD
     JUSTICES

ii

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES AND COUNSEL ............ ii
TABLE OF CONTENTS ............ iii
INDEX OF AUTHORITIES ............ iv
STATEMENT REGARDING ORAL ARGUMENT ............ 1
STATEMENT OF THE CASE ............ 2,3
STATEMENT OF PROCEDURAL HISTORY ............ 4
GROUND FOR REVIEW OR QUESTION FOR REVIEW ............ 5-9

## I. GROUND FOR REVIEW OR QUESTION FOR REVIEW ONE

Violation of Petitioner's 4th, 5th and 6th Amendments through the Exclusionary Rule, which prohibits to introduce evidence at trial to support a defendant's guilt. When a court improperly admits evidence in violation of the Exclusionary Rule, the court's finding must be reversed. e.g.: U.S. v. Leon 468 U.S. 897, 915 (1984) quoting; Mapp. v. Ohio, 367 U.S. 643, 654-55 (1961); Deck v. Mo., 544 U.S. 622, 629, 634 (2005); Gerstein v. Pugh, 420 U.S. 103, 113-14 (1975); Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978); Blackledge v. Perry, 417 U.S. 21, 28-29 (1974)

5

## II GROUND FOR REVIEW OR QUESTION FOR REVIEW TWO

Violation of Petitioner's 5th and 14th Amendments through the Double Jeopardy - Due Process Clauses Violation either by a multi-duplicity charging instrument and punishment, or concealment of Exculpatory Evidences, witnesses and Undeniable conflict between both trials-Appellate Counsels and State. Arizona v. Youngblood, 488 U.S. 51, 58 (1988) quoting; California v. Trombetta, 467 U.S. 479, 489 (1984); U.S. v. Dixon, 509 U.S. 688, 700-05 (1993) quoting; Blockburger v. U.S., 284 U.S. 299, 304 (1932) See also; Mo. v. Hunter, 459 U.S. 359, 368 (1983)

6

## III. GROUND FOR REVIEW OR QUESTION FOR REVIEW THREE

Right to Counsel. [Scope and Obligation]. The Sixth Amendment provides that in all Criminal Prosecutions the accused shall enjoy the right to have assistance of Counsel for his defense. Gideon v. Wainwright, 372 U.S. 335, 342 (1963). The record reflects that the Petitioner afforded the duress of an infested jury trial and Appeal without defense Counsel. Both trial and Appellate Counsels were appointed to secure a 60 Years Conviction by any mean of deception and brutality. Penson v. Ohio, 488 U.S. 75, 85 (1988). and Such Performance "Fell below an objective Standard of reasonableness, resulting in an Unreliable and Unfundamentally Unfair outcome in the Proceeding". See Strickland, 466 U.S. at 687, 691-92. See also Glover v. U.S., 531 U.S. 198, 201, 204 (2001) Counsel's failure to Press grouping argument at Sentencing, which increased Sentence from 6 to 21 months, was Prejudicial.                               7

## IV. GROUND FOR REVIEW OR QUESTION FOR REVIEW FOUR

Violation or Petitioner's 8th Amendment through the Cruel and Unusual Punishment. States are Subject to the 8th Amendment's Prohibition against Cruel and Unusual Punishment through the 14th Amendment. See Robinson v. California, 370 U.S. 660, 667 (1962); See also Furman v. Ga., 408 U.S. 238, 241 (1972) (Douglas, J.; Concurring) ("that the requirements of due process ban Cruel and Unusual Punishment is now Settled"); La. Ex rel. Francis v. Resweber, 329 U.S. 459, 463 (1947) the record reflects that the outcry witness fabricated the evil story of Sexual Assault, with the evil intent to obtain her Legal residence in the U.S.; and acting in Cahoot with both trial and State Counsels Coercively, Coached the minor to testify in order to obtain in a malicious retrial Full of Scheme-Trickery; a draconian 60 Years Sentence.
                                                         8

iv

## V. GROUND FOR REVIEW OR QUESTION FOR REVIEW FIVE

Violation of Petitioner's 14th Amendment through the Conspiracy against rights: based on Petitioner national Origen, 42 U.S.C. § 1981. Garner V. Giarousso 571 F.2d 1330, 1340 (5th Cir. 1978) quoting; Jones V. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed. 2d 1189; 42 U.S.C. § 1983, Houston Police Officers, District Attorney and Appointed Counsels acted under color of State Law to insure the Petitioner. Chapman V. Houston Welfare Rights Org., 441 U.S. 600, 617-18, 99 S.Ct. 1905, 1915-16, 60 L.Ed. 2d 508; Monroe V. Pape, 365 U.S. 167, 184-87 (1961); West V. Atkins, 487 U.S. 42, 50-54 (1988). Conspiracy to interfere with Petitioner's Civil Rights, 42 U.S.C. § 1985, motivated by race-national origen or otherwise based class Animus. Rush V. Rutledge, 460 U.S. 719, 103 S.Ct. 1483, 1488, 75 L.Ed 2d 413; Bell V. Milwaukee 746 F.2d 1205 (7th Cir. 1984). And Action for Neglect to Prevent, 42 U.S.C. § 1986. Harris County District Attorney and Trial Court, having Knowledge that both State and Trial counsel were Conspiring to insure Mr. Gonzalez, and having power to prevent to prevent the Commission of the same neglected and refused so to do.    9

ARGUMENT    10-25

PRAYER FOR RELIEF    25

APPENDIX    26

CERTIFICATE OF SERVICE    27

# INDEX OF AUTHORITIES

Arizona V. Youngblood, 488 U.S. 51, 58 (1988) — iii

Baze v. Rees, 553 U.S. 35, 36 (2008) — 21

Bell V. Milwaukee, 746 F.2d 1205 (7th Cir. 1984) — 24

Benton V. Md., 395 U.S. 784, 794 (1969) — 6

Blackledge V. Perry, 417 U.S. at 28-29 — 9

Blockburger V. U.S., 284 U.S. 299, 301 (1932) — iii, 6, 15, 16

Bordenkircher V. Hayes, 434 U.S. 354, 363 (1978) — iii, 9

Brady V. Md., 373 U.S. 83 S.Ct. 1194 (1963) — 7, 18

Brown V. Ohio, 432 U.S. 161, 97 S.Ct. 2221 (1977) — 16

California V. Trombetta, 467 U.S. 479, 489 (1984) — iii

Campbell V. U.S., 686 F.3d 353, 360 (6th Cir 2012) — 3, 4

Castaneda V. Partida, 430 U.S. 482, 494 (1977) — 2

Chapman V. Houston Welfare Rights Organization, 441 U.S. 600, 617-18, 99 S.Ct. 1905, 1915-16, 60 L.Ed 2d 508 — V

Crawford V. State, 892 S.W. 2d 1 (Tx Cr. App. 1994) — 18

Crist V. Bretz, 437 U.S. 28, 98 S.Ct. 2156 (1978) — 15

Cuyler V. Sullivan, 446 U.S. 335, 349-50 (1980) — 7, 19

Deck V. Mo., 544 U.S. 622, 629, 634 (2005) — iii

Ex Parte lange, 85 U.S. 163, 173-74 (1873) — 6, 16

Ex Parte Ramos, 806 S.W. 2d (TX Cr. App. 1991) — 16

Flores V. State, 2012 CR 1969 (TX App. 04-12-00815-CR June 25 2014 San Antonio) — 1, 8, 16

Flores V. S.A.P.D. etal U.S.D.C., W.D.Tx No. 5:13-CV-2; U.S. Appeal No. 14-500 61 In Cert. — 13

Franks V. Delaware, 438 U.S. 154, 155-56, 171-72 (1978) — 5, 12

Furman V. Ga., 408 U.S. 238, 241 (1972) — IV

Gardner V. State, 858 S.W. 2d 656 (Ft. Worth App. 1993) — 16

Garner V. Giarrusso, 571 F.2d 1330 (5th Cir. 1978) — V

Gerstein V. Pugh, 420 U.S. 103, 119 (1975) — iii, 5, 7, 12, 20

Gideon V. Wainwright, 372 U.S. 335, 342 (1963) — IV

Glover V. U.S., 531 U.S. 198, 201, 204 (2001) — IV

Griffin V. Breckenridge, 403 U.S. 88, 100-102, 91 S.Ct. 1790, 1797-98, 29 L.Ed 2d 338 — 24

Jones V. Alfred Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed. 2d 1189 — V

Jorden V. State, 897 S.W. 2d 909 (Fort Worth App. 1995) — 18

Kush v. Rutledge, 460 U.S. 719, 103 S.Ct.
1483. 1488, 75 L.Ed 2d 413 ................................ V, 24

La. Ex rel. Francis v. Resweber, 329 U.S. 459
463 (1947) ................................................. IV

Lo-Ji Sales v. N.Y., 442 U.S. 319, 326-28 (1979) .... 12

Monroe v. Pape, 365 U.S. 167, 184-87 (1961) ......... V

Mapp v. Ohio, 367 U.S. 643, 654-55 (1961) ........... iii

Mickens v. Taylor, 535 U.S. 162, 166 (2002) ......... 7

Mo. v. Hunter, 459 U.S. 359, 368 (1983) ............. iii

Ohio v. Johnson, 467 U.S. 493, 498 (1984) ........... 6, 13

Or. v. Kennedy, 456 U.S. 667, 676 (1982) ............ 6, 16

Passmore v. State, 617 S.W. 2d 682
(Tx. Cr. App 1981) ..................................... 17

Penson v. Ohio, 488 U.S. 75, 85 (1988) .............. IV

Ramchair v. Conway, 601 F 3d 66, 72-77 (2d Cir. 2010) .. 3

Robinson v. Cal., 370 U.S. 660, 667 (1962) .......... IV

Strickland v. Washington, 466 U.S. 668, 692 (1984) .. 7, 19

Strickler v. Green, 527 U.S. 263, 119 S.Ct.
1936 (1999) ............................................ 18

Terrel v. State, 521 S.W. 2d 618 (Tx Crim App 1975) . 17

Thomas v. State, 841 S.W. 2d 399 (Tx Crim App 1992) . 18

U.S. v. Acevedo, 141 F.3d 1421, 1423 n.2
(11th Cir. 1998) ...................................... 2

U.S. v. Blitch, 622 F.3d 658, 664-68 (7th Cir. 2010) . 2

U.S. v. Cronic, 466 U.S. 648, 659 n.25 (1984) ....... 18

U.S. v. Dixon, 509 U.S. 688, 700-05 (1993) .......... iii, 16

U.S. v. Leon, 468 U.S. 897, 915 (1984) .............. iii, 15

U.S. v. LittleJohn, 489 F.3d 1335, 1334-35
(D.C. Cir. 2007) ...................................... 2

U.S. v. Reinhart, 357 F.3d 521, 530-31 (5th Cir. 2004) .. 4, 20

Wiggins v. Smith, 539 U.S. 510, 534-38 (2003) ....... 20

Woodson v. N.C., 428 U.S. 280, 304 (1976) ........... 8

# STATEMENT REGARDING ORAL ARGUMENT

Petitioner respectfully requests to this Court of Appeals of Texas "Grant" Oral argument in this matter in order to address the irreparable and undeniable injuries inflicted to him and our Vulnerable Immigrant Community targeted by the Respondents, with deliberate indifference for our Magna Carta, Treaties and Covenants, signed by the United States.

The Clerk's Record[1] clearly shows the clear collusion between the State and Trial Counsels. As an initial matter, Mr. GONZALES, was Indicted in complete disregard for his due process and required Gerstein Hearing[2] and based in a premeditated fabricated Story of Sexual assault that never occurred as demonstrated in Jury trial, based in the same mockery and scheme of false evidences, witnesses and ignorant jurors unable to identify a double jeopardy and Ex Post Facto Indictment based on hearsay, was wrongfully convicted to serve 60 years of false imprisonment.

The International Community has repeatedly condemned these evil practices promoted by the State of Texas, as Mr. FLORES, broadly briefed in <u>Flores V. the State of Texas</u>. P.D.R. No. 1362-14, PP. # 2-3, and A Writ of Certiorari from the U.S. Court of Appeals 5th Cir. No. 14-50061; in which an alleged victim of sexual assault described the manner how she was Kidnapped and raped, coached by the State of Texas, resulting in acquittal. The record clearly reflects that Mr. GONZALES, is just one more Victim of a desperate, immoral Texas Judicial System in complete bankruptcy.

---

1. The Clerk's Record in this matter is contained in one Volume and will be referred as CR.
2. Gerstein V. Pugh, 420 U.S. 103, 119-20 (1975)

1

## STATEMENT OF THE CASE

Mr. Gonzales was kidnapped by Houston Police Department and falsely indicted with the offense of aggravated sexual assault of a child in Cause Number 133750. On March 25, 2013, he entered a plea of not guilty and proceeded to trial by jury, in a clear, Pre-Selected Venire and intentionally discriminatory fashion, clearly reflected in a Prime Facie case against Mr. Gonzales, as a Mexican Immigrant. Castañeda V. Partida, 430 U.S. 482, 494 (1977) (Mexican-Americans a Cognizable class)

On March 28, 2013, both State and trial Counsels instead to appoint a thirteenth Juror, who would acquit Mr. Gonzales of said false charges, moved the Court to declare a mistrial. U.S. V. Blitch, 622 F.3d 658, 664-68 (7th Cir. 2010) (abuse of discretion not to impanel new Jury); U.S. V. Little John, 489 F.3d 1335, 1344-45 (D.C. Cir. 2007) (abuse of discretion when Court asked compound voir dire questions in which Jurors were instructed not to indicate whether they or their family members or friends had worked in law enforcement).

It's a well known practice in Harris County, to appoint Public employees or law enforcement officers to secure convictions by any mean of deception, in Jury trial. U.S. V. Acevedo, 141 F.3d 1421, 1423 n.2 (11th Cir. 1998) (defendant did not waive objection to Court's failure to discharge alternate Jurors though Jury retired to deliberate because Court, Prosecution and defendant did not know alternates had retired with Jury to deliberate)

In CR-45-50 the trial Court, acting in cahoot with the State and trial counsel, granted on February 19, 2013, a Notice of Re-Indictment, in order to entrap Mr. Gonzales in a Premeditated Mistrial in in Cause No. 133750 and subsequent trial in

2

Causes No. 1337914, 1337915 and 1337926 (CR.1 at 9, CR.2 at 9, CR.3 at 9)

From October 1st through October 7, 2013, the trial Court having weighed the Petitioner's skills and ability to defend himself and lack of Knowledge of the English language, acting in cahoot with the State and trial Counsel; entrapped Mr. GONZALES, in a premeditated malicious Jury trial, resulting in the Unreliable outcome of 60 years imprisonment as the result of a premeditated and Conspiratorial State's Motion to Cumulate Sentence (CR-87) Filed on February 20, 2013. The Court granted said Motion as to Cause Number 1377915 so that the Sentence in that case will be served after the sentence in Case Number 1377914; and in clear mockery to Mr. GONZALES'S Constitutional rights the Court denied the Motion with regard to Cause Number 1377926 (RR Vol. 22 at 5-6)[3]

Notice of Appeal was Filed on October 8, 2013, the trial Court Appointed the Conspirator Appellate Counsel DAUCIE SCHINDLER to Secure and affirm the Double Jeopardy-Expost Facto Conviction. (CR-395-398). See. Ramchair V. Conway, 601 F.3d 66, 72-77 (2d Cir. 2010) [Counsel's Failure on appeal to raise argument for mistrial was ineffective assistance because argument for mistrial had good chance of winning as defendant's right to fair trial was clearly violated); Campbell V. U.S., 686 F.3d 353, 360 (6th Cir. 2012) (Counsel's Failure to File an appeal on defendant's behalf despite defendant's waiver of right to appeal in plea bargain was ineffective assistance)

_____

3. The Reporter's Record in this matter is Contained in 23 Volumes and will be referred as RR.

## STATEMENT OF PROCEDURAL HISTORY

On October 8, 2013, the trial Court appointed the Conspirator Appellate counsel, DAUCIE SCHINDLER, who Filed a Frivolous Brief[4] on State's behalf; On April 2nd, 2014, Lacking any reversible constitutional error, as requires Rule 42.2 Tex.R. App.Proc., Campbell V. U.S. Supra; U.S. V. Reinhart, 357 F.3d 521, 530-31 (5th Cir. 2004) (Counsel's Failure on appeal to raise trial courts Sentencing error was ineffective assistance because error increased defendant's Sentence 5 Years). Nothing in Said Brief, Filed by the Appointed Appellate Counsel, Suggests that Mr. GONZALES, was represented by Appellate Counsel, and this breach is enough to overturn this Conviction.

On July 22, 2014, the State transmitted to its Subordinated DAUCIE SCHINDLER, and First Court OF Appeals; "the State's Appellate Brief"[5] alleging nothing, and supported with Fake States authorities, and Lacking any Federal authority.

On or about December 15, 2014, the First Court OF Appeals affirmed Mr. GONZALES'S Double Jeopardy and Ex Post Facto Conviction.

On or about January 5, 2015, Mr. GONZALES, Timely Filed his Motion For Reconsideration; Oral Argument Requested.

On or about January 10, 2015, Mr. GONZALES Timely Filed his Motion For Extension of Time to File a Petition For Discretionary Review. Said Motion was granted on January 30, 2015

4. The Frivolous appellant's Brief Filed on the State's will be referred as App.Bf.
5. The State's Appellate Brief in this matter will be referred as St.App.Bf.

4

# GROUND FOR REVIEW OR QUESTION FOR REVIEW ONE

As aforementioned, Under the Exclusionary Rule, evidence obtained in violation of the 4th, 5th, or 6th Amendments, may not be introduced at trial to support a defendant's guilt. Mr. GONZALES, was arrested without probable cause or even reasonable suspicion as requires the 4th Amendment. The material witness broadly testifies [Courtney Head] about the proceeding to obtain DNA collection. (R.R. 18 at 50-58). Courtney Head, as a criminalist specialist also testifies, No DNA, or Scientific evidence were found to support the false charges against Mr. GONZALES. (R.R. 18 at 58-63).

The entire Records reflect that Mr. GONZALES was ambushed by the local law enforcement, District Attorney and trial counsel, based in a Premeditated fabricated story of the false outcry witness; MARIA OLIVARES. Who was desperate to obtain her legal residence in the U.S., and being to regulate her immigration status just as a victim of a violent crime or sexual assault, had to support the fabricated Double Jeopardy Indictment to achieve her goal. (R.R. 17-122) (R.R. 17 at 10-122). In other words Mr. GONZALES, is the real victim of International and Domestic Terrorism as provides 18 U.S.C. § 2331. United States v. Leon, 468 U.S. 897, 920 (1984). See Id. at 918-19 [The police obtained evidence pursuant a search warrant they believed to be valid, but was later found to be defective for lack of probable cause] See Franks v. Delaware, 438 U.S. 154, 155-56, 171-72 (1978).

In Mr. GONZALES' case, the trial counsel acted in cahoot with the State and trial court; by raising to set a Gerstein Hearing, Knowingly-Willfully that his arrest-seizure was issued in reliance on a deliberately and recklessly false affidavit given by the false outcry witness; MARIA OLIVARES.

5

## GROUND FOR REVIEW OR QUESTION FOR REVIEW TWO

The Double Jeopardy Clause of the 5th Amendment states that no person shall be subject for the same offense to be twice put in jeopardy of life or limb, and this prohibition applies also to imprisonment and monetary penalt penalties. Yegger V. U.S., 557 U.S. 110, 117 (2009) (citing; Ex Parte Lange, 85 U.S. 163, 168-69 (1873) (double jeopardy applies to every indictment or information charging party with crime or misdemeanor). The Clerk's Record reflects that Mr. GONZALES, would be acquitted by a 13th Juror on March 28, 2013, on a Seated 6-6 decision, and both State and trial Counsels acting in Cahoot with the trial Court, moved the Case for Mistrial, Knowing Ly that they did not have any chance to Convict Mr. GONZALES, and obtain their bonus. (CR-45-56) The State with the full consent of the Court and trial Counsel already had docketed and granted a refiled Notice of Re-Indictment prior to trial on February 19, 2013. (CR-47-48)

No evidence or record may demonstrate that Mr. GONZALES, requested or to the mistrial Consented to the mistrial. Or. V. Kennedy, 456 U.S. 667, 676 (1982) (retrial not barred after defendant requested mistrial unless government attempted to goad defendant into requesting mistrial). The Double Jeopardy clause bars a second prosecution for the same offense, only if Jeopardy attached in the Original Proceeding Ex-Parte Lange, 85 U.S. 163, 173-74 (1873)

The 14th Amendments Due Process clause extends the Double Jeopardy Clause's Protections to State Prosecutions. See Benton V. Md., 395 U.S. 784, 794 (1969).

The record reflects that Mr. GONZALEZ, received multiple punishments for the Same alleged offense. CR-373, 383-390. Ohio V. Johnson, 467 U.S. 493, 498 (1984) (citing; Blockburger V. U.S., 284 U.S. 299, 304 (1932)

## GROUND FOR REVIEW OR QUESTION FOR REVIEW THREE

The deficient and conspiratorial performance of the appointed counsel, GILBERT VILLAREAL, fulfills the prejudice prong enunciated in the U.S. Supreme Court holding in; Strickland; Cronic and Mickens V. Taylor, 535 U.S. 162, 166 (2002), (Prejudice Presumed when assistance of counsel "denied entirely or during a critical stage of the proceeding")

As an initial matter the conspirator trial counsel failed to furnish Mr. Gonzales, with Discovery Packet as require Art. 39.14 T.C.C.P., and the doctrine in Brady V. Md., furthermore Said Counsel, having knowledge and access to the false evidences and inconsistent statements, given by the Insane; MARIA OLIVARES, Failed to set a Gerstein Hearing, which would demonstrated that Probable Cause never existed to arrest Mr. Gonzales, as the expert "COURTNEY HEAD" testifies; No DNA was found to support the False charges of Sexual Assault (R.R. 18 at 58-63)

The record reflects that Mr. VILLAREAL, was burdened by an actual conflict of interest. Mr. Gonzales; should be released on P.R. Bond, as a legal residence in the U.S., as the record show, Mr Gonzales, came back to the U.S., as soon he was informed that the Insane MARIA OLIVARES; Falsely Filed the False allegations of Sexual Assault, in retaliation for the disrupted relationship, due to the undeniable and clear mental Health Disorders, such as Hypochondriasis and Histrionic Personalities. Clearly demonstrated in Jury trial through the outrageous conduct and False testimony of MARIA OLIVARES. (R.R. 17 at 9-122) Curley V. Sullivan, 446 U.S. 335, 349-50 (1980) (Prejudice Presumed if counsel actively represents conflicting interests in manner affecting adequacy of representation.

The Trial Counsel; VILLAREAL, instead to move the court to appoint a 13th Juror to decide a spitted 6-6 decision in the first trial, without Mr. Gonzales, consent, in Flagrant cahoot with the state and trial court declared a mistrial. (CR-45-52)

7

## GROUND FOR REVIEW OR QUESTION FOR REVIEW FOUR

Excessive bail shall not be required, not excessive fined imposed, nor cruel and unusual punishment inflicted. The Clerk's Record in Page 11, shows that Mr. Gonzales's Kidnapping, executed by Houston Police Department Officers, was without any statutory authority. Almost one year, elapsed since the alleged offense was filed, and the DNA results were availables, way before, Mr. Gonzales's Kidnapping. Title 18 U.S.C. § 2331, Provides that the actions of H.P.D. Officers and ~~Houston~~ Harris County District Attorney, Constitutes International and Domestic Terrorism. The imposed U.S. $ 100,000.00 Bail, Constitutes Cruel and Unusual Punishment, as well.

<u>Jury Instruction and Sentencing Options.</u> If Jurors are potentially mislead concerning their roles in Sentencing, the 8th Amendment's heightened "need for reliability" may require reversal because the jury does not " have before it all possible relevant information about the individual defendant whose fate it must determine. <u>Woodson V. N.C.,</u> 428 U.S. 280, 304 (1976). For the jury to possess all relevant information, must receive an accurate description of its role on the Sentencing Process.

The appointed ignorant Jurors, in Mr. Gonzales's Jury trial, not solely were misleaded by both trial and State Counsels, but also the trial court, failed to instruct the Jurors about the basic principal of the law, and accurate description of its role during the Sentencing Process. Nothing in the Records reflect that the Jury was instructed, to consider the Undeniable Double Jeopardy grounds through the multiple punishments for a single Fabricate Crime. (R.R. 22 at 1-5) resulting in a draconian 60 years Sentence.

The aforementioned was broadly briefed in a Pro Se Litigation in a fabricated charge of Aggravated Kidnapping, involving Serial Assault on Appeal No. 04-12-00815 CR in R. Flores V. The State of Texas.

8

## GROUND FOR REVIEW OR QUESTION FOR REVIEW FIVE

The 24th Amendment guarantees Mr. Gonzales as a Jurisdictional Citizen of the United States; No state shall make or enforce any law which shall abridge the privilege or immunities of citizen of the U.S.; Nor shall any State deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Vindictive Prosecution. The Due Process Clause prohibit a prosecutor from using criminal charges in an attempt to penalize a defendant's valid exercise of constitutional or statutory rights. See. Bordenkircher v. Hayes. 434 U.S. 357, 363 (1978) (To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort.)

Mr. Gonzales, in the free exercise of his First Amendment, abandoned an unhealthy relationship with the insane outcry witness "Maria Olivares" in order to prevent the imminent irreparable conse-quences and injuries of her severe Histrionic and Hypochondriasis Personalities as proved through the outrageous conduct and obscene testimony in Jury trial, (R.R. 17 at 9-122)

When a defendant during or after, trial, is reindicted and faces an increase in the number or severity of the charges; a presumption of vindictiveness is em-ployed and "a reasonable likelihood of vindictiveness exists", Mr. Gonzales, convinced of his innocence regardless the collusion between the trial counsel, the state and trial court, took the challenge to tried his false charges and as soon the Jury submitted the splitted 6-6 decision, in a malicious and premedi-tated mistrial, and subsequent vindictive Jury trial Mr. Gonzalez, was maliciously convicted in a Double Jeopardy and Ex Post Facto. 60 years conviction. See. Blackledge v. Perry. 417 U.S. at 28-29. (CR-N5-5R)

9

# ARGUMENT

THE EXCLUSIONARY RULE. Following a deliberate and reckless false affidavit, fabricated police report and tampered evidences Mr. GONZALES was kidnapped by unknown Houston Police officers and confined at the Harris County Jail, with an imposed outrageous $100,000 bail, maliciously granted by the trial court, IAN KROCKER, on February 20, 2012, eleven months after the alleged offense occurred (CR-8-13).

The Record and evidence reflect in CR-337-360 that the Minor BRANDON RENOVATO; never was sexually assaulted and was corraborated by the statement of the Criminalist Specialist; COURTNEY HEAD. (R.R.18 at 56, 60)

Q. (BY Ms. DICKSON) Let me show what's already been admitted as State's Exhibit No.11. Do you know what that is?

A. It appears to be a Sexual assault Kit (Page#56)

Q. (BY Ms DICKSON) And was there any semen present in that test?

A. NO.

The Record also reflects that the alleged victim BRANDON RENOVATO, was also tested for semen on the penile swabs, anal swabs, the oral swabs, and the underwear. and there was NO semen present (CR-61)

The Record also reflects; (State's Exhibit No.9) that the psychotherapist Dr. Schmidt met BRANDON RENOVATO post, after the alleged event had taken place (CR-72-73) after Mr. GONZALES had been arrested. In other words, this case and charges are based in a deliberate and reckless false affidavit of an insane outcry witness; who is a federal offender under title 8 of the Immigration Act. Clearly demonstrated in jury trial through her outrageous conduct and obscene testimony (RR.17 at 36-44; 82-90)

10

The irrational and falsity of the outcry witness' testimony is clearly demonstrated in R.R. 17 at 90:91.

Q. And to be quite honest about it, you thought your son was giving, I guess, a blow job on oral sex to MARTIN; is that correct?
A. Yes.
Q. You said that after you suspected this, after even seeing the zipper down that you went shopping with MARTIN?
A. Yes.

The MERK Manual of Medical information describes this type of individuals and patient as Hypochondriacal and Histrionical as the result of being victims of physical and sexual abuse in their early childhood. The Record also suggests that the false outcry witness, MARIA OLIVARES, was sexually abused in her early childhood (R.R. 17 at 93-94)

The insane MARIA OLIVARES, also testifies that when they returned shopping (from Wal-mart) She told MARTIN "Would be better leave I'm calling the police" (RR. 17 at 102)

As we learn on March 15, 2011. MARIA OLIVARES, was telling the officer that IGNACIO and BRANDON were both sitting on the couch with BRANDON on IGNACIO'S lap with red mouth and saliva. That's what's on the report (RR. 17 at 104)

The Supreme Court has identified five situations in which, police reliance on a warrant is not objectively reasonable

(1) When a magistrate issues a warrant based on a deliberately and recklessly false affidavit
(2) When a magistrate fails to act in a neutral and detached manner
(3) When a warrant is based on an affidavit "So lacking in indicia probable cause as to render official belief in its existence entirely unreasonable

11

4. when a warrant is so facially deficient that no reasonable officer could believe it to be valid and

5. when police recklessly maintain or knowingly enter false information into a warrant database to enable future arrests.

The Record reflects that once Mr. Gonzales, was kidnapped by H.P.D. officers, lacking probable cause or reasonable suspicion, eleven months later, in clear discriminatory bias by national origen as a Mexican Immigrant; the same trial court JAN KROCKER, acting out of her role as a magistrate, having access to the Record and falsety of the charges, instead to Order a Gerstein or Franks Hearing[6] on February 20, 2012, signed the Outrageous $100,000.00 condition of bond (CR-13) in Order to secure a 60 years draconian conviction. On the same date appointed her Criminal partner GILBERT VILLAREAL to avoid any chance to defeat the false allegations. 42 U.S.C § 1986.[7] See Lo-Ji Sales, Inc. V. N.Y. 442 U.S. 319, 326-28 (1979). In Lo-Ji Sales, Officers, viewed two films purchased at an adult bookstore, concluded they were Obscene, and applied for a warrant to Seize "Similar" films in the same bookstore. See Id. at 321. The magistrate accompanied the officers to the bookstore, viewed the films, and determined on the spot that there was probable cause to seize the films as violative of local obscenity laws. See Id. at 322-24. The Supreme Court invalidated the warrant and suppressed the seized evidence, because the magistrate had abandoned a neutral and detached posture by becoming leader of the search party. See Id. at 326-28. See, e.g., U.S. V. Parker, 373 F.3d 770, 774 (6th Cir 2004) trial Commissioner who also worked as administrative assistant in County Jail unable to fulfill

6. Franks V. Delaware, 438 U.S. at 156 (1978) Explaining that the Court must declare the warrant invalid and suppress evidence siezed during the unlawful search.
7. 42 U.S.C. § 1986 Creating liability civil or criminal in nature for neglect to prevent.

12

role of "Neutral and detached Magistrate".

In Flores V. San Antonio Police Dept. et.al USDC. 5:13-CV-2FB; Appeal No. 14-50061. In Certiorari. Mr. Flores was Kidnapped by the Sex Offender, San Antonio Police Detective R.Vara and gangsters, and having knowledge and evidence that Mr. Flores was the real victim of several crimes, acted in cahoot with the Bexar Cnty Criminal District Attorney and trial court Melisa Skinner, to falsely charge him of Aggravated Kidnapping, the duplicity charge of Sexual Assault and multi duplicity charge of a class A misdemeanor Assault. (See, e.g., Appendix A) Mr. Flores, Successfully exposed in an infested Jury Trial the Customary Mockery to our tax-payers Entrepreneurs and Immigrant Community targeted by the Texas Judicial System, in order to justify its Modus operandi by any mean, of deception and brutality. (See e.g., Appendix B)

Because the outrageous Conduct of Houston Police Department arresting officers, the Conspirator appointed trial counsel, Harris County D.A., and trial court Ian Kocker Clearly Violated Petitioner's 4th, 5th and 6th Amendments, through the Exclusionary Rule, This Court of Criminal Appeals of Texas should Sustain this Petitioner's Ground for Review or Question for Review One and this Conviction should be overturned.

## DOUBLE JEOPARDY CONVICTION

The Double Jeopardy Clause[s] of the 5th and 14th Amendments state that no person shall be subject for the same offense to be twice put in Jeopardy of life or limb. The Clause Protects against: (1) a Second Prosecution for the same offense after an acquittal, (2) a Second prosecution for the same offense after a Conviction and (3) Multiple Punishments for the same offense. Ohio V. Johnson, Infra

13

The Insane outcry witness, MARIA OLIVARES, States in the Police report On March 15th 2011, that IGNACIO and her son BRANDON were both sitting on the coach with Brandon on Ignacio's lap with red mouth and Saliva (RR 17 at 104) and she encourage Ignacio that would be better leave because she was calling the Police (RR 17 at 102).

The Records reflects that Mr. GONZALES Abandoned the unhealthy relationship with the Hypochondriacal and Hystrionical MARIA OLIVARES, and immediately Said, insane witness, Started a new Sexual relationship with Several Partners (R.R. 16 at 98) as the minor and alleged victim states:

But I saw my mom like she was standing up and bent and then when her Phone was ringing. I went to give it to her and then I saw her and like JOE, that is his -- her -- well, that I think they are dating, I don't know. But then I saw them that my mom was-- her pants like down, and JOE'S pants unzipped and his underwear down. And then I saw that JOE was going back and forward and Put his middle Part in my mom's middle Part. And then he went back and Forward.

The Minor "BRANDON RENOVATO" ran back to his room and he Put he Cover over to does not get Cold. Because he was scared.

Q. And who is JOE?
A. That is a friend of MARTIN.
Q. Okay. And How many times have you seen this JOE?
A. A lot of times. (RR-16 at 98-99)

The minor BRANDON RENOVATO, testifies that no one had touched him, and also testifies that his statement is different at the day of the event than his Previous hearing (RR 16 at 100)

In other words the State Fabricated a Vindictive and Double Jeopardy Prosecution based in a reckless and deliberate false affidavit given by the Insane, Federal Offender MARIA OLIVARES. The Harris County

14

District Attorney willfully and acting in cahoot with the Trial Counsel and Trial Court; conspired to insure Mr. GONZALES, based in mere 'Texas' Rules and Statutes and National origen, having knowledge and material evidences that the real offender is the insane MARIA OLIVARES.

The Clerk's Record Pages #72-82 clearly shows the Multi-duplicity Double Jeopardy charges and intend to use false witnesses and customary modus operandi of the Texas Judicial System to kidnap and torture our immigrant community, in order to obtain Unconstitutional Double Jeopardy and Ex Post Facto convictions, prohibited by the International Community and Treaties. 28 U.S.C. § 2254(a)

## Blockburger test - Multiplicity Charges

Double Jeopardy is prohibited in the U.S. Constitution, Amendment V & XIV and in the Texas Constitution, Art. I Section 14. The enacted Universal Declaration of Human Rights Art. 11 Section 2; also prohibits Double Jeopardy convictions and punishments.

Jeopardy attaches in a Jury trial when the Jury is impaneled and sworn, and in a bench trial when the first witness is sworn. Crist V. Bretz, 437 U.S. 28, 98 S. Ct. 2156 (1978)

On February 19 2013 [prior to Jury trial declared mistrial on March 28 2013] the State filed a Notice of Re-Indictment (CR-42) with the evil intent to obtain Multiple Punishments for the the false charge allegedly occurred on March 15 2011, which was denied by the alleged victim BRANDON RENOVATO (in RR. 16 at 100). Certainly Mr. GONZALES, was maliciously re-tried without his consents and wrongfully convicted to three cumulative sentences of 60 years.

Retrial after mistrial can violate Double Jeopardy unless the defendant consents or if the mistrial was

15

granted by some form of manifest necessity. Gardner v. State, 858 S.W.2d 656 (Ft. Worth App. 1993) Or. v. Kennedy, supra; Ex parte Lange, supra.

To determine whether the State is attempting to punish an accused twice for the same offense, the court must examine each of the statutes to determine whether each requires proof of an additional element that that the other does not. This is known as the Blockburger test. Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180 (1932) readopted in U.S. v. Dixon, 509 U.S. 688, 113 S.Ct. 2849 (1993).

Double Jeopardy may also be raised by habeas corpus either Pre conviction, or Post conviction. Ex parte Ramos, 806 S.W. 2d (Tex. Cr. App. 1991) Since a constitutional right is involved. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221 (1977). The denial of the writ can be appealed before trial on the merits.

The entire Clerk's Record and Reporter's Record Shows the flagrant Double Jeopardy Clause Violation either by retrial, after a mistrial or Multiple Punishment for the Fabricated and tampered charge of sexual Assault to the alleged victim Brandon Renovato. (CR. 223-231)

In Flores v. State 2012 CR 1969 (San Antonio December 3rd 2012) Mr. Flores, was kidnapped, robbed by the well known sex offender S.A.P.D. detective R. Vara, and Criminal partners, Falsely charging him of Aggravated Kidnapping, the duplicity charge of Sexual Assault and multi-duplicity charge of Sexual class A. misdemeanor Assault.

The State coercively used the false testimony of three federal offenders to falsely testify against Mr. Flores, these customary and well known practices among the international community allowed Mr. Flores to entrap the schemer prosecutor and trial counsel in their own devise and Judicial Circus, resulting in acquittal. e.g., Appendix A.

16

# DUE PROCESS CLAUSE VIOLATION

Discovery. Article 39.14 TX Cod. Crim. Proc., provides that documents, papers, written statements of the defendant, books, accounts, letters, photographs, object and tangible things, are discoverable. The defense is entitled to inspection and copying and has the right to have his own expert conduct independent examinations Terrel V. State, 521 S.W. 2d 618 (Tx Crim. App. 1975)

The State's witnesses and their criminal records are subject to discovery, Passmore V. State, ~~625 S.W.~~ 617 S.W. 2d. 682 (Tx. Crim. App. 1981)

As an initial matter; Mr Gonzales, never received his discovery packet as requested, in a timely Motion for Discovery, instead he received the Continuous threatening of both State and Trial Counsels to disa-pear him in Prison, if he did not sign 25 years.

In CR-47 the Record reflects that both State and the Conspirator trial Counsel VILLARREAL, with the full consent of trial Court agreed to entrap Mr. Gonzales. in a premeditated mistrial, knowing that he would be acquitted in the splitted 6-6 decision by a 13th Juror.

Mr. GONZALES, discovered after the Conspirator appellate Counsel filed, her brief on the State's behalf and affirmed conviction; that the minor, BRANDON RENOVATO, was being coached by the State, and trained by Dr. Schmidt, to falsely testify against Mr. GONZALES, in flagrant violation to Art. 38.072 (4) Tex Cod Crim Proc., which requires, that the statement was not made in response to questioning calculated to lead the child to make a particular statement.

The Record also reflects that the aggressive party is the insane MARIA OLIVARES. and the Same alleged victim opens? states (in RR. 16 at 102)

Q. So, was -- MARTIN lent the day your mom Kicked him out of the apartment, is that right?

A. Yes.

Q. Did you ever seen him after that?

A. No.

If the alleged offense occurred on March 15, 2011, and the minor never saw Mr. Gonzales, again the meaning is that the State used false testimony to convict Mr. Gonzales.

The outcry witness Maria Olivares, learned that that she did not has any chance to obtain her Green card or permanent residency in the U.S. through Mr. Gonzales, rather than Filing Criminal Charges against him through the Violence Against Woman Act. (R.R. 19 at 24-28.)

Therefore the State has to use the outrageous and obscene testimony of the Insane Maria Olivares to obtain the Double Jeopardy conviction and 60 years Sentence.

Article V of the U.S. Constitution requires disclosure of exculpatory evidence and mitigating evidence under the doctrine in Brady V. Maryland 373 U.S. 83 S.Ct. 1194 (1963) the State violates this right when (1) there has been a request and failure to disclose, (2) evidence favorable to the defendant, (3) the evidence must have been willfully, or inadvertently suppressed by the State and (4) the evidence creates a Probability sufficient to undermine the Confidence in the outcome of the Proceedings. Thomas V. State, 841 SW.2d 399 (Tx. Crim. App-1992)

Defendant's Due Process right to Secure Potentially exculpatory evidence during the trial is not waived by failing to File a Pretrial Discovery Motion. Crawford V. State, 892 S.W.2d 1 (Tx. Crim. 1994); Strickler V. Green, 527 U.S. 263, 119 S.Ct. 1936 (1999)

Work Product Privilege will not Shield the State from the requirement that exculpatory or mitigation be disclo -sed. Jordan V. State, 897 S.W.2d 909 (Ft Worth-App 1995)

18

Because the Outrageous Conduct of both State and Trial Counsels clearly violated Petitioner's 5th and 14th Amendment through the Double Jeopardy and Due Process Clause, with the full consent of the trial Court. This Court of Criminal Appeals of Texas should sustain Petitioner's ground for review or question for review two, and this conviction should be overturned.

## INEFFECTIVE ASSISTANCE OF COUNSEL.

Mr. Gilberto Villareal, was maliciously appointed by the State and trial court to convict Mr. Gonzales. (CR-12) The Record also reflects that the Conspirator Gilberto Villareal, after successfully obtain his bonus and 60 years Conviction; Cowardly abandoned his Client. The trial Court maliciously appointed the well known Conspirator Appellate Counsel DAYCIE SCHINDLER (CR-397) in order to affirm the Double Jeopardy conviction.

The Ander's Brief filed by the appointed appellate Counsel lacks any reversible Constitutional error as requires Rule 44.2 Tex. R. APP. Proc., to obtain reversal of Conviction.

The Actions of both trial and Appellate Counsels not solely constitute Conflict of interest, but also a flagrant violation for Several Sections of Title 18 U.S.C. and 42 U.S.C., that will be addressed with the proper Civil and Criminal Prosecution against both defendants in federal court.

In Curley v. Sullivan, supra, the Supreme Court ruled that a defendant can demonstrate a Sixth Amendment violation by showing (1) that the Counsel was actively representing conflicting interest, and (2) the Conflict had an adverse effect on specific aspects of Counsel's performance. See Strickland v. Washington, 466 U.S. 668, 692 (1984) right to effective assistance of Counsel impaired when defense Counsel operates under conflict of interest because Counsel breaches the duty of

19

Loyalty, Perhaps the most basic of Counsel's duties.

The Clerk's Record Clearly shows, Counsel's failure to file and a hearing to suppress the irrational outcry witness statements and false affidavit, lacking also a Gerstein Hearing, that would Prove the deficient Search Warrant and Lack of Probable cause or even reasonable Suspicion.

No motion to Quash the Double Jeopardy charges was filed, rather than the undeniable Cahoot between the State and trial Court, to entrap Mr. Gonzales in a Premeditated Mistrial and Subsequent Retrial without Mr. Gonzales's consent. Which Clearly Prove the Government Intrusion into Attorney-Client Relationship.

In Wiggins V. Smith, 539 U.S. 510, 534-38 (2003) Counsel's failure to confront Jury with Considerable mitigation evidence, was ineffective assistance because was reasonable probability of different Sentence.

The records reflect that the declared Mistrial and Spitted 6-6 decision there was a reasonable Probability of acquittal if the Conspirator Counsel moved the Court to appoint a 13th Juror, or the worse Scenario a twenty years Sentence, rather than the 60 years received as the result of the undeniable Conspiracy between both State and trial Counsel.

In Appellant's Brief Page #2 Clearly Show that Mr. Gonzales afforded his appeal without appellate Counsel. See e.g., Ramchair V. Conway, Supra. Counsel's Failure on Appeal to raise argument for Mistrial was ineffective assistance because argument had good Chance of winning as defendant's right to fair trial was clearly violated.

Nothing in the Appellant's Brief Suggests Double Jeopardy grounds or even an Index of Federal authorities raising the undeniable Due Process Violation. U.S. V. Reinhart, Supra Counsel's failure on appeal, to raise trial Court's sentencing error was ineffective assistance because error increased defendant's Sentence by 5 years.

20

Therefore Pursuant the U.S. Supreme Court's two step Standard in addressing Ineffective Assistance of Counsel, this Court of Criminal Appeals of Texas Should conclude that the Petitioner afforded his trial and Appeal without defense counsel and the deficient and Conspiratorial actions of both trial and appellate counsels were highly Prejudice resulting in a malicious and Premeditated 60 years conviction. (CR-47-50) (CR-231) (RR-22 at 5-6) and Petitioner's Ground For Review, or Question For Review, three Should be Sustained and this Conspiratorial Double Jeopardy Conviction over turned.

## CRUEL AND UNUSUAL PUNISHMENT

BAIL. the Eighth Amendment states that "excessive bail Shall not be required. This Provision, which the Supreme Court has assumed applies to the States; See. Baze v. Rees; 553 U.S. 35,36 (2008) Noting that the excessive bail clause of the 8th Amendment is applica-ble to the States through the 14th Amendment.

the Record reflects that the aggressive Party is the insane outcry witness is MARIA OLIVARES, who exposes the minor to Physical abuse (RR.19 at 17-34) and Sexual assault by exposure creating Severe traumas. in the minor, when he saw Ms. OLIVARES having Sex with Several Partners (RR-16 at 98-100)

the State in a clear Vindictive Prosecution, based in Mr. GONZALES' National origen and having knowledge that Mr. GONZALES is the real Victim of International and Domestic terrorism 18 USC § 2331 Used the Federal offender; MARIA OLIVARES to testify against him in exchange to regulate her Immigration Status in the U.S. (RR-17 at 10-122)

therefore the outrageous U.S. $100.000 bail Constituted cruel and unusual Punishment and an instrument of oppression to avoid Mr. GONZALES release From Jail, and Coerce him by any mean of deception, and brutality to Plea got, Otherwise would afford the Customary infested Jury trial and irreparable injuries "60 years

Sentence:" Contrary to the False Statement of the Insane Outcry Witness MARIA OLIVARES - In RR-17 at 10-122, Mr. GONZALES Provided Welfare and Security for both the Minor and herself.

In CR-260, BRANDON Likes JOSE (MARIA's New Partner) and asked him to take him home with him, he Compare JOSE and IGNACIO. Both men to4 to Listen his mom

The entire evaluation of Dr. William Schmidt Suggest that Mr. GONZALES never committed any offense against the minor, and Show that is a clear Fabricated Story of the Insane MARIA OLIVARES.

Dr. Schmidt Preserved in Record (CR-273) that the False Outcry Witness MARIA OLIVARES, during her interview addressed her own Sexual Abuse as a child. She desires to avoid non-Satisfying, destruc-tive relationships.

As aforementioned this individual MARIA OLIVARES, Projects all the Symptoms of a Hypochondriacal-and Histrionic patient.

The evidences clearly Show that Mr. GONZALES, has-been Submitted to cruel and Unusual Punishment either by the Outrageous bail or Conspiratorial 60 years Conviction, Prohibit by the 8th and 14th Amendments Petitioner's Ground For Review or Question For Review Four Should be Sustained and this Conspiratorial Dou-ble Jeopardy Conviction Overturned.

## CONSPIRACY AGAINST RIGHTS -

The 14th Amendment prohibits the Customary actions Sponsored by the State of Texas, targeting our Vulnera--ble immigrant Community and those who represent a threat to the interest of the Judicial System, therefore, Would be Fair to address at Last Ground the Undeniable Conspiracy of both Trial and Appellate Coun--sels with the State and Trial Court JAN KROCKER. 42. V.S.C-§§ 1981, 1983, 1985, 1986. U.S.C.A. Const.Amend. 14.

## 42 USC § 1985. Conspiracy to interfere with Civil Rights.

42 U.S.C. § 1985 (2) Obstructing Justice, intimidating party, witness, or juror. If two or more persons in any state or territory conspire to deter by force, intimidation, or threat, any party or witness in any court of the U.S. from attending such court, or from testifying any matter pending therein, freely fully and truthfully or to injure such party or witness in his person or property on account of his having so attending or testifying, or to influence the verdict, presentment, or indictment of any grand or petit juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror, or if two or more person conspire, for the purpose of impeding, hindering, obstructing or defeating in any manner, the due course of justice in any state or territory, with intent to deny to any citizen the equal protection of the laws, or to injure him, for lawfully enforcing, or attempting to enforce, the right of any person or class of persons, to the equal protection of the laws, shall be civil and criminal liable in federal court for such conspiratorial activities. Briscoe V. Lattue, 460 U.S. 325, 103 S.Ct. 1108, 1117-1118, 75 L.Ed. 2d 96.

42 U.S.C. § 1985 (3) Depriving persons of rights or privileges. If two or more persons in any state or territory conspire * * * for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or equal privileges and immunities under the laws, * * * in any case of conspiracy set forth in this section, if one or more person engaged therein do or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the U.S., the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or

23

more of the conspirators. the action of the Cons
-pirators in Mr. GONZALES' conviction by racial-na-
tional origen and other class-based animus. Griffin
v. Breckenridge, 403 U.S. 88, 100-102, 91 S.Ct.
1790, 1797-98, 29 L.Ed.2d 338; Kush V. Rutledge,
Supra.

42. U.S.C. § 1986   Action For Neglect to Prevent.
    the Trial Court Jan KROCKER, that the State and
appointed counsel entrap their victims with the same
Scheme conspired to insure Mr. GONZALES (CR-47-50)
and having knowledge that the Trial Counsel and
the State has been committing several genocide
practices and irreparable injuries and crimes against
the Human dignity and Immigrant community and
having power to prevent it and aid in preventing
the commission of said crimes, neglected and refu-
-ses So to do. Therefore MS. KROCKER, is liable
for the irreparable injures inflicted to Mr. GONZALES
and his orphan children. Bell v. Milwaukee, 746 F.2d 1205 (7th Cir 1984)

    As aforementioned and affirmed by the Conspirator
Appellate Counsel; On March 15th 2011, Officer JOHN
GERSCHEFSKI, with the Houston Police Department,
arrived to the scene (APP. B. PP#6) and instructed
the insane MARIA OLIVARES, to take BRANDON to the
Hospital to have a rape Kit Performed. (RR 14 at 13-20)
after almost one year Mr. GONZALES, was kidnapped
by Houston Police officer based in a deficient warrant
lacking probable cause or reasonable suspicion, as
the DNA results performed by the specialist MS.
HEAD - confirmed with the result, which excluded
Mr. GONZALES of the alleged offense and were availa
ble way before Mr. GONZALES' Kidnapping (RR 18 at
56-60)

    the Clerk's Record shows (CR-47-50) that Mr. GONZALES
was entrapped by the trial court and State with an
outrageous bail ($100,000.00) and subsequent double
Jeopardy malicious mistrial and subsequent premedita
ted, 60 years conviction based in the testimony of
federal offender MARIA OLIVARES.

24

Finally the Andres' Brief, filed by the conspirator Appellate Counsel on State's behalf, demonstrate the undeniable customary cahoot between both Trial, Appellate Counsels, the State and Trial Court.

Because the evidences in this case clearly show that Mr. GONZALES, is just one more of thousand of victims of International and Domestic Terrorism (18 U.S.C. § 2331) this Court should sustain the Five grounds for Review, or Question for Review and in the interest of the Justice overturn this Conviction and order the immediately release of Mr. GONZALES.

## PRAYER FOR RELIEF

Petitioner and his Jailhouse Lawyer, both Immigrants and political Prisoners, victims of a judicial system in moral bankruptcy, pray to this Court of Criminal Appeals of ~~Texas~~ Texas to reverse this Conviction, and order petitioner's release from confinement.

Respectfully Submitted

J.H. LAWYER
REYNALDO FLORES.
NO 1912036

Ignacio M. Gonzalez
IGNACIO MARTIN GONZALES
Appellant - Petitioner
NO. 1890295
610 FM 624
Cotulla Texas 78014

25.

## APPENDICES

Appendix A. includes Indictment in 2012CR1969 and aquittal to the duplicity charge of Sexual Assault marked as Exhibits A, B

Appendix B. Civil and Criminal Prosecution against 30 members of the International Terrorist Organization of Human trafficking torture and bribery T.D.C.J. marked as Exhibits. C, D, E

# CERTIFICATE OF SERVICE

I, IGNACIO MARTIN GONZALES, Certify Under penalty of perjury that the matters alleged in this Petition for Discretionary Review, are true and correct, and the Foregoing was timely transmitted to Mr. ABEL ACOSTA, Clerk of the Court of Criminal Appeals of Texas P.O. Box 12308 Capitol Station, Austin texas 78711, With the proper copy in Appendix A to the Clerk of the International Court of Human Rights Churchullplein Noiderland E.U. Via U.S. Postal Service First Class, Pursuant to 28 U.S.C. § 1746 and Fed. R. App. Proe. 4(c)(1)

Dated April 28th 2015 _Ignacio M. Gonzales_

IGNACIO MARTIN GONZALES
Appellant - Petitioner
NO. 1890295
610 FM 624
Cotulla texas 78014

27





| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 290TH DISTRICT |
| | § | |
| VS. | § | COURT |
| | § | |
| REYNALDO FLORES | § | BEXAR COUNTY, TEXAS |
| | § | |
| STATE ID No.: 8724279 | § | |

## JUDGMENT OF ACQUITTAL BY COURT

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. MELISA C SKINNER | Date Judgment Entered: | 11-26-2012 |
| Attorney for State: | CHRISTOPHER WILLIAM DEMARTINO | Attorney for Defendant: | DOUGLAS J KAPPMEYER |
| Charged Offense: Sexual Assault | | Date of Acquittal 11-26-2012 | |
| Charging Instrument: Count II OF THE INDICTMENT | | Statute for Offense: 22.011(A) PC | |
| Plea to Offense: NOT GUILTY | | Foreperson: Jodee Gilmore | |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Bexar County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☐ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court FINDS Defendant NOT GUILTY of the charged offense.

The Court ORDERS, ADJUDGES, AND DECREES that Defendant is NOT GUILTY of the charged offense. The Court FURTHER ORDERS Defendant immediately discharged.

Signed and entered on this _____ day of _____ NOV 2 6 2012 _____ 20____

JUDGE PRESIDING
MELISA C SKINNER
290TH DISTRICT COURT
BEXAR COUNTY, TEXAS

Clerk: 32809
DC2012CR1969

Exhibit A

Appendix A

Defendant: REYNALDO FLORES
JN #:     1501454-1

DEFENDANT'S COPY

Address: ▓▓▓▓▓▓▓ SAN ANTONIO, TX

Complainant: Myra Rubio

CoDefendants:

Offense Code/Charge: 100110 - AGGRAVATED KIDNAPPING

FILED

_____ O'CLOCK_____ M

MAR 01 2012

DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY, TEXAS

BY _____ DEPUTY

GJ: 548361          PH Court: 290

Court #: 290th

SID #:961543          Cause #:

Witness: State's Attorney

2012 CR - 1969

TRUE BILL OF INDICTMENT

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS, the Grand Jury of Bexar County, State of Texas, duly organized, empanelled and sworn as such at the January term, A.D., 2012, of the 290th Judicial District Court of said County, in said Court, at said term, do present in and to said Court that in the County and State aforesaid, and anterior to the presentment of this indictment:

Count I
Paragraph A

on or about the 23rd day of December, 2011, Reynaldo Flores did intentionally and knowingly abduct another person, namely: Mayra Rubio, with intent to inflict bodily injury on Mayra Rubio or with intent to violate or abuse Mayra Rubio sexually;

Paragraph B

on or about the 23rd day of December, 2011, Reynaldo Flores did intentionally and knowingly abduct another person, namely: Mayra Rubio, with intent to terrorize Mayra Rubio;

Count II

on or about the 23rd day of December, 2011, Reynaldo Flores, hereinafter referred to as defendant, did intentionally and knowingly cause the penetration of the female sexual organ of Mayra Rubio, hereinafter referred to as complainant, by the finger of the defendant, said act having been committed without the consent of the complainant, in that the defendant compelled the complainant to submit and participate by the use of physical force or violence;

Count III

on or about the 23rd day of December, 2011, Reynaldo Flores, hereinafter referred to as defendant, did intentionally, knowingly and recklessly cause bodily injury to Mayra Rubio, a member of the defendant's family or household, hereinafter referred to as complainant, by striking the complainant with the hand of the defendant and by scratching the complainant with the hand of the defendant;

*all these charges were false as I proved in trial this is just one more creation of S.A.P.D and (District Attorney) Appendix A*

*Exhibit B*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REYNALDO FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-283 |
| | § | |
| TDCJ TRANSITORIAL PLANNING | § | |
| DEPART. SOUTHERN REGION INST. | § | |
| DIVISION ET AL, | § | |
| | § | |
| Defendant. | § | |

## INITIAL PARTIAL FILING FEE AND COLLECTION ORDER

Plaintiff has applied for leave to proceed *in forma pauperis* (D.E. 8). The Prison Litigation Reform Act (PLRA) requires prisoners filing lawsuits to pay an initial partial filing fee. The Act also requires prisoners to pay the balance of the full filing fee of **$350.00**. The Court has considered the application in light of the PLRA. The Court **ORDERS** that:

1. The Clerk shall file the plaintiff's pleadings without prepayment of the filing fee.

2. Plaintiff shall not be liable for an initial partial filing fee because he lacks the assets and means to pay. *See* 28 U.S.C. § 1915(b)(4).

3. The plaintiff shall pay **$350.00**, the full filing fee, in monthly installments to the United States District Court as provided in 28 U.S.C. § 1915(b)(1).

4. The institution having custody of plaintiff shall deduct 20% of each deposit made to the plaintiff's inmate trust account and forward payments to the United States District Court on a regular basis provided the account exceeds $10.00.

1 / 4

*Exhibit C*

*Appendix B*

5.      The plaintiff shall sign all consents and other documents required by the agency having custody of plaintiff to authorize the necessary withdrawal from the plaintiff's inmate trust account.

6.      Service of process will be withheld pending judicial screening pursuant to 28 U.S.C. § 1915A.

7.      No amendments or supplements to the complaint will be filed without prior court approval. A complete amended complaint will be attached to any motion to amend.

8.      All discovery in this case is stayed until an answer is filed.

9.      No motions for appointment of counsel shall be filed until the Court has completed its screening pursuant to 28 U.S.C. § 1915A, which may include a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

10.     The plaintiff must notify the Court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution.

11.     The Clerk of Court will send a copy of this Order by certified or first class mail or by other electronic means to **TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711.**

ORDERED this 21st day of August, 2014.

Jason B. Libby
United States Magistrate Judge

2 / 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REYNALDO FLORES #1912036 | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:14-CV-283 |
| | § | |
| TDCJ TRANSITORIAL PLANNING | § | |
| DEPART. SOUTHERN REGION INST. | § | |
| DIVISION ET AL, | § | |
| | § | |
| Defendant. | § | |

## ORDER SETTING EVIDENTIARY HEARING

A telephone conference hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), is scheduled before:

**Jason B. Libby**
**United States Magistrate Judge**
**1133 N. Shoreline Blvd., 3rd Floor Courtroom**
**Corpus Christi, Texas 78401**

**on Wednesday, October 1, 2014 at 2:00 p.m.**

The Court will initiate the call through to Plaintiff at (830) 879-3077, the telephone number provided by the Prison facility housing plaintiff. The Warden and his staff are instructed to have the Plaintiff available at the telephone number provided promptly at 2:00 p.m. on the above-referenced day to take the call, and to allow plaintiff access to an area where plaintiff can sit at a table, take notes, and have free access to his/her legal material and writing utensils during the pendency of the call.

The Warden is to ensure that the plaintiff receives this order within 24 hours of the date of it.

ORDERED this 24th day of September, 2014.

Jason B. Libby
United States Magistrate Judge

---

## MOTION TO AMEND JUDGMENT

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE XAVIER RODRIGUEZ:

Pursuant to Rule 52 (b) and 59 (VI) Fed. R. Civ. Proc., and Rule (4)(a)(4)(A)(VI) Fed. R. App. Proc.; Plaintiff, REYNALDO FLORES, Timely Files this his Motion to Amend Judgment and in Support thereof would show the following:

Plaintiff - Complainant REYNALDO FLORES, is an entre-preneur, Philanthropist, Jailhouse Lawyer and Sentinel of Civil and Human Rights Since 1991.

Plaintiff is Currently Kidnapped and Tortured in T.D.C.J. II Region, Owned and Operated by the defendants in this Complaint [as the Public record reflects], and Criminal Partners [18 U.S.C. § 2331] who Primary income are the Human trafficking, Bribery, Extortion, and any available deceptive practice for Financial gain. As Mr. Flores, without any doubt demonstrated and exposed the defendants in 2012 CR 1969 and Subse-quent Ex Post Facto and Double Jeopardy Conviction, Prohibited by the 5th, 8th and 14th Amendments, the Convention Against Torture, Art. 11, Section 2 of the Universal Declaration of Human Rights and Treaties. Therefore, even though Plaintiff is not claiming damages for Said conviction and clear established Constitutional rights, which is not barred by Heck. V. Humphrey. Infra, this court should GRANT relief, Under due Process violation. Rankin V. Klevenhagen, 5 F. 3d 103, (5th Cir. 1993). An official misconduct or conduct by qualify immunity if, in light of Pre-existing law, it was apparent that the conduct, when undertaken, constituted a violation of the right at issue. Doe V. Taylor Indep. Sch. Dist. 15 F. 3d 443, 445 (5th Cir. 1994).

Contrary to the Court Order and Final Judgment either in SA-13-CA-2FB[1] and Appeal No. 14-50061[2] this case is timely filed in Supreme Court in *Certiorari*.

However, the allegations in this complaint are related with the continuous violation of Plaintiff's rights after the dismissal in SA-13-CA-2FB, the arbitrary transferring to four different facilities in less than four months, the continuous harassment campaign, in retaliation for his prose representation, denial of access to court, involuntary servitud and punishment, the Spoliation of Plaintiff's legal and personal mail, leading to a Conspiratorial *Mandate Opinion*, allegedly rendered on June 25th, 2014, while Mr. FLORES was being victim of cruel and unusual punishment, the confiscation of his legal material and destruction of his legal paper work and subsequent transferring to Cotulla Unit in Administrative segregation in a metal case, and a series of severe violations in Bexar County Jail while Mr. FLORES was being poisoned and hiding, as the record in SA-13-CA-2F by docket entry # 19-24 reflects and confirmed by this District Court on October 2013, with a notation from Bexar Jail Mail Room, that he was no longer incarcerated in said facility, same date on which Mr. FLORES, trans-mitted to the District Court, two samples of MACHIHUA "Meals no worthy of human consumption" given to the inmates in a daily basis as the Sheriff SUSAN PARME-LEAU, openly recognized before the local media on January 2013. In addition to the irreparable injuries; loss of society; the embezzlement of Plaintiff's assets committed by both sex offenders; EDWARD GARCIA, R. YBARRA and conspirator parties, giving rise to this claim.

---

1. Plaintiff timely filed his Notice of Appeal, but was ignored by this Court, while being poisoned and hiding in Bexar County Jail.

2. In a Published Order issued on December 10, 2014, in Cause No. 14-50061, Plaintiff proved the Flagrant Cahoot and conspiracy between the defendants and District court.

No. SA-15-CA-222-XR (JWP)

## I. JURISDICTION AND VENUE

Pursuant to 42 U.S.C. §§ 1981,[3] [which protects against discrimination on the basis of race or alienage] 1983,[4] [creates cause of action for deprivation of rights secured by the U.S. Constitution and Federal law] 1985,[5] [conspiracy to interfere with civil rights] 1985(2) obstructing justice, intimidating party, witness or juror 1985(3) depriving persons of rights or privileges, 1986 [action for neglect to prevent] and Section 1988, which provides the jurisdiction in civil and criminal matter. Plaintiff filed this civil action in the U.S.D.C. Southern District of Texas on June 30 2014, (D.E. 1 pp. 1-2) pursuant to 28 U.S.C. § 1331, initially filed with the intent to abate the inhumane conditions in T.D.C.I. living areas, hostile environment caused by prison's officials, arbitrary punishments, interception and intentional delaying of plaintiff's mail, and arbitrary confiscation of legal material and transcripts, executed by the defendants R. Treviño, Mitchell, and Unknown officers following instructions of the defendants Keel, DeMartino, Fourth Court Justices and the afore mentioned defendants In Flores V. S.A.R.D. et al. SA-13-CA-2 FB. See: Lewis V. Casey, 518 U.S. 343, 349 (1996); Crawford-El V. Britton, 523 U.S. 574 (1998); Hurst V. Phillips, 555 U.S. 1150 (2009) addressing constitutional violation, in regard to delayed delivery of legal mail. See also; Robinson V. Cal., 370 U.S. 660, 666-67 (1962) the prohibition of cruel and unusual punishment is applica-ble to the States through the 14th Amendment.

3. Croaker V. Giarrusso, 571 F.2d 1330, 1340 (5th Cir. 1978) Section 1981 is not confined to contractual matters. Hall V. Pennsylvania State Police, 570 F.2d 86, 91 (3d Cir. 1978)
4 § 1983 caused of action perpetrated under color of state law. Moor V. County of Alameda, 411 U.S. 693, 702-703, 93 S.Ct. 1785, 1792-93, 36 L.Ed. 2d 596.
5 Kush V. Rutledge, 460 U.S. 719, 103 S.Ct. 1483, 1488, 75 L.Ed. 2d 413 a showing of discrimination is not required under the first portion of Section 1985(2)

Plaintiff - Complainant claims should be entertained by this District and Grant relief requested, due to the Continuous Mockery of his rights and Undeniable Breach to Several Sections of Title 18. Committed by the defendants and Criminal Partners, otherwise, refers and transfers this Case to the Original Jurisdiction. e.g. Exhibit A

## II. BACKGROUND FACTS AND PLAINTIFF'S KOMPLAINANT'S ALLEGATIONS.

As an initial matter the District Court is failing to Screening the Complaint Civil and Criminal in nature. This Complaint was originally filed on June 30 2014, in absence of relief in this District Court and Undeniable Collusion with the defendants broadly briefed in a pending Petition for Writ of Certiorari, in the United States Supreme Court, and Continuous violation of Mr. Flores's rights in Bexar County Jail and Subsequent transferring from to four different facilities owned and operated by the Same defendants.

Therefore Pursuant the holding in Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) this action is subject to Screening regardless of whether Plaintiff Prepays the filing fee or Proceed as a Paupers. However, Since Mr. Flores, is a Political Prisoner and Victim of International terrorism as Provides 18 U.S.C § 2331 the P.L.R.A. Provisions does not apply to him, including the exhaustion requirement; filing fees and three Strikes Provisions. Ojo v. INS, 106 F.3d 680 (5th Cir. 1997). Since Mr. Flores's Unlawful restrain Constitutes Ex Post Facto Clause Violation, this Claim is not barred by Heck v. Humphrey. See Art. I §9-10. U.S.C.A.

Plaintiff's - Complainant's Pro Se Claims must be read indulgently, Haines v. Kerner 404 U.S. 519, 520 (1972)

and his allegations must be accepted as true. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

The record and Facts are inconsistent with the Opinion of this District Court. The Bexar County Jail's officers and conspirator parties possess a long history of Civil and Human Right violations, among the International Community, and was clearly exposed on November 29 2012, when Mr. FLORES, allowed the defendants to performing their Judicial Circus, making them believe that they had their bonus and 129 years Conviction, Until Mr. FLORES disclosed his evidences and entrapped the defendants in their own devise. See R.R. Vol. V - PP # 38-40, 53, 78 and R.R. Vol. I of I PP # 8-9. 6

A Jury trial will demonstrate the modus operandi of the defendants targeting our immigrant Community and entrepreneurs, non-Citizens; favorite victims, due to their Immigration Status. Rule 38, 39 Fed. R. Civ. P. 42 U.S.C. § 1981, Garner v. Giarrusso, Sierra, and the Customary brutality to obtain Convictions by any mean of deception, Rivera v. State, 952 S.W. 2d 34; 1997 TX App. LEXIS 3702 No. 04-96-00576-CR

Certainly Mr. FLORES personally suffered the consequences of lack of meals in Bexar County Jail and eye witnessed Several deceased, such as, Mr. County in Cell 12 A Unit Who Passed away due to the lack of meals on February 2013, in flagrant violation to the 8th Amendment U.S.C.A. and Treaties. All these Custom practices with the evil intent to inflict lethargy in their victims and obtain draconian Convictions and bonus. Ronald Wilson v. State, 227 S.W. 3d 446 (San Antonio 2007).

---

6 Mr. EASTLAND, trial defense Counsel in 2012 CR 1969, openly filed his Motion For Directed Verdict based on Hardly Scentilla of Fabricated evidence and false witnesses's statements to Convict his client in 129 years Sentence.

## III. IN REPLY TO DISTRICT COURT ANALYSIS
## PLAINTIFF'S NEW COMPLAINT

Plaintiff filed his original complaint in this cause not later than June 30 2014, in the Southern District of Texas, Corpus Christi Division, which was docketed in Civil Action number 2:14-cv-283.

Plaintiff discovered on May 29 2014, that the defendants in FLORES V. S.A.P.D et al supra, acting in cahoot with their subordinates in TDCJ IV Region, were sponsoring the violation of Plaintiff's 1st, 8th, 13th and 14th Amendments U.S.C.A., to the extreme to threat Mr. FLORES, to keep him in prison if he continued his claim on Appeal NO. 14-50961 In Cert., therefore Plaintiff timely filed his Amended Complaint, and Objection to Dismissal Recommendation, including the defendant Parole Unit, officer; JESUS SALINAS; who transmitted the threats, and subsequent denial of Plaintiff's Parole and arbitrary punishments - Administrative Segregation and Conspiratorial Mandate Opinions allegedly rendered on June 25 2014, and never mailed to Mr. FLORES. Therefore the Court of Criminal Appeals denied the P.D.R. NO. 1362-14 as untimely. See e.g., Exhibit A. D.E #1, 6, 11, 13, 18, 19, 25. See also e.g's Exhibits B-C

In Town of Newton V. Rumery, 480 US 386, 393-94 397-98 & n. 10 (1987) the Supreme Court held that an arrestee is barred from §1983 Claim when arrestee voluntarily agree to release any §1983 against city in exchange to dismissal of charges, and without evidence of prosecutorial misconduct.

The evidence and irreparable injuries inflicted to Mr. FLORES for almost five (5) years of false imprisonment are sufficient to warrant relief in this Claim. The conduct of the defendant are out of their roles as prosecutors and judicial capacities. Therefore civil

and Criminal Liables. In Buckley v. Fitzsimmons, 509. US. 259, 273-76 (1993) the Supreme Court held that prosecutors were not entitled to absolute immunity: 1. When they tried to determine whether a boot point found on a door at the Scene of a Crime had been left by the Suspect, or (2) when they announced their intentions to seek indictment of the suspect at a press conference, because the prosecutors were not functioning in a judicial investigator capacity. The Court reasoned that investigation of a foot print was akin to the executive function of an investigator and was therefore entitled only to qualified immunity.

The Buckley Court also found that absolute immunity was unavailable for statements made to the press because absolute immunity under §1983 is derived from common law immunities available in 1871, and at common law, there was not immunity for statements made to the press. See Buckley, 509 US. at 272-78

The entire records in the Original Complain No 2:14-cv-283 and Criminal Case No. FLORES v. State 2012 CR 1969 reflect that Mr. Flores and his children are the real victims of International and Domestic Terrorism 18 US C3 2331 and the defendants in this claim Concealed the facts, police report, evidences and threatened the insane alleged Victim who Suffers Severe Mental Health Disorders and being Used as Sexual Slave by the defendant EDUARD GARCIA and, R. VARA; Defendant DEMARTINO and Criminal Partners; threatened Mr FLORES' witnesses, and destroyed-Vandalizing plaintiff premises Slandering him among his clients and neighbors; creating a Judicial Circus, with preselected Jurors such as the S.A.P.D. officer Juror #36, to Secure Mr. FLORES conviction, and once Mr. FLORES Confronted them with the discrepances by withholding a footage which exposed the conspiratorial manner to entrap their victims, both defendants tried any trickery and scheme to insure Mr. FLORES conviction. Through the EXPOST facto, and Double Jeopard; FLORES. therefore the evidence in this case demonstrates that

the defendants had to conspire against Mr. Flores in order to avoid his release by any mean of deception or brutality. However, the defendants are also liables under International/after Mr. Flores discovered an endless list of victims, kidnapped and tortured by the defendants, in the Same Circumstances.

In regard to the two years Statute of Limitations; § 1983 has no Statute of Limitations of its own, courts should determine the limitation period by referring to the statute of limitations for personal injury actions in the State in which the claim arises. Thompson v. Connick, 553 F.3d 836, 849 (5th Cir. 2008). Under Federal law, Statute of Limitations for § 1983 claim against District Attorney's office for deliberate indifference to training, monitoring, and supervising of its attorneys accrued when plaintiff's murder conviction was vacated. See Connick v. Thompson, 131. S.Ct. 1350 (2011).

the record in 2012CR1969 reflects that Mr. Flores was acquitted to the fabricated charges of Aggravated kidnapping and duplicity charge of Sexual Assault on November 29, 2012; being indulgent with the defendants in applying the two years statute of limitation; the last day to file this claim was November 29, 2014, the record and docket entry in 2014-CV-283 reflect a timely filing.

However, due to the undeniable and continuous injuries inflicted to Mr. Flores by the defendants this District Court must apply the States tolling rules: Bd of Regents v. Tomanio, 446 U.S. 478, 483-86 (1980); Bourdais v. New Orleans City, 485 F.3d 294, 298-99 (5th Cir. 2007); Carret v. Clarke, 147 F.3d 745-46 (5th Cir. 1998). Plaintiff entitled to benefit of State tolling because claim filed by prisoner within time limit but not accompanied by certified prison account Statement required by PLRA, still considered filed for purpose of tolling limitations period.

The acts and omissions of the defendants occurred on and after November 29th 2012 [ the Certificate of discharged sentence in 2011 CR 1002 was rendered on January 2013, and the record containing the false evidence in said cause were available on June 15 2013, within the two years of Statute of Limitation ]

Certainly in Cause No. SA-13-CA-629-OG, styled FLORES V. REED, Plaintiff Filed no Notice of Appeal, at least not Stamped by the Clerk as occurred in the timely Notice of Appeal in FLORES V. S.A.P.D RTH. SA-13-CA-2FB, due to the Continuous Spoliation of his mail in Bexar County Jail.

This current claim against the defendant REED and subordinates is for actions and omissions of her and neglect to prevent, pursuant to 42 U.S.C. § 1986. Thompson v. Connick Supra. and having Knowledge of the Continuous injuries inflicted to Mr. FLORES [ after July 2013 ] Conspired with the defendants Fourth court of Appeals justices and her subordinates DEMARTINO and YEARY to Conceal the Reply to Appellee's Brief in 04-12-00815-CR to affirm Mr FLORES' Ex Post Facto and Double Jeopardy Conviction. And having Power to prevent or aid to preventing the Commission of Such actions, neglected and refused so to do. and on about June 25 2014, defendant REED and Subordinates Conspired with the defendants San Antonio Parole officers to Conceal the evidences and Affidavits which clearly prove that Mr FLORES, is the real victim of Several Crimes as provides Title 18. denying the due of Law and Parole, and ordering her Subordinates in T.D.C.J. IV Regions to Continuing the harassment campaign against the Plaintiff and Subsequent transferring to segregation, without access to Court and Legal Supplies to timely File the Motion for Reconsideration. Therefore defendant REED and Conspirator parties failed to render the Unconstitutional MANDATE opinion on the alleged June 25th 2014, and was transmitted to the plaintiff on September 12th 2014, Hamilton V. Chaffin 506 F.2d 904, 913-14 (5th Cir. 1975)

Under the "Mandatory Victims Restitution Act" (MVRA) Mr. Flores is entitled to the restitution of his assets as a victim of International Terrorism. 18 U.S.C. § 2331, as the record reflects and the Police Report written and approved by the defendants S.A.P.D. officers; Mr. Flores and his children were assaulted by the insane alleged victim and defendant MAYRA RUBIO SANCHEZ, and Said defendants without any Statutory authority vandalized Plaintiff's Premises, instead to arrest both offenders; EDWARD GARCIA and MAYRA RUBIO SANCHEZ.

Therefore along with the Complaint Styled FLORES V. R. VARA, re-numbered 2:15-CV-134 which original complaint is styled FLORES V. T.D.C.J. NO. 2:14-CV-283 and pursuant to several sections of Title 18 U.S.C. Mr. FLORES requests the filing of Criminal charges against the defendants. See e.g., Exhibit's A and D. Any relief in the Criminal Complaint is in addition to any injunctive and monetary relief in the Current or Future Civil Action against the defendants.

Restitution is Mandatory For the Severity of the Crimes Committed by the defendants e.g., 18 U.S.C. §§ 3556, 3663, 3664; the evidence reflects the defendants held Civil and Criminal Liables Pursuant to 18 U.S.C § 2248 (mandatory restitution For Sexual abuse) Id. § 2259 (mandatory restitution For Sexual exploitation and other abuse against Mr. Flores children) Id. § 2264 (mandatory restitution For domestic violence against Mr. FLORES and his children) Id. § 3363A (mandatory restitution For violent offenses such as Mr. FLORES' Kidnapping, offenses against property such as Mr. FLORES vehicles, offices, dwelling and Ware house.) U.S. V. Artedge, 553 F.3d 881, 900 (5th cir. 2008) district Court Properly Considered defendant's Financial resources in Ordering ~~Financial~~ immediate Payment of $500,000 Followed by monthly Payments because defendant had over one Million in assets, despite minimal income and large expenses. See also Hughey V. United States, 495 U.S. 411 (1990).

NO. SA-15-CA-222 XR(JWP)

Victims are not required to mitigate loses. See e.g., U.S. V. Rice, 38 F.3d 1536, 1542 (9th Cir. 1994) Court not required to offset losses which may not have resulted in victim's inventory records were more organized.; U.S. V. Williams, 292 F.3d 681, 688 (10th Cir 2002) Court not required to offset losses caused by victim's failure to pursue civil remedies in timely manner because actions of defendant may have caused the delay.

Certainly the record in both Civil and Criminal Cases reflect that the defendants caused intentional delay by the use of brutality, deception or scheme to injure Mr. Flores and his children.

In cases that involve damage to, loss, or destruction of property, a court may order return of the property. See 18 USC § 3663 (b)(1)(A). If return of the property is inadequate, a court may order the defendant to pay the value (as of the date the property is returned) of any part of the property returned See Id. § 3663 (b)(1)(B).

In regard to the conspiratorial dismissal in SA-13-CA-2FB[7] the Court of Appeals disagreed with the opinion of this court; Furthermore due to undeniable cahoot with the defendants and material evidence provided by Mr. Flores to the Circuit Court, this District Court received a Baugh V Taylor's Compliance Order On May 2nd 2014. Since then, in retaliation for plaintiff legal actions the defendants in Conspiracy with their Criminal Partners in T.D.C.J. III Region have been submitting the plaintiff to any available punishment, Punishment Transferring in administrative segregation; due process violation; denial of access to courts; giving rise to this claim. Certainly every action taken by the defendant will be considered FRIVOLOUS, since the execution of Kidnapping; Human

_____

[7] Baugh V. Taylor, 117 F.3d 197 (5th Cir. 1997) On May 2nd 2014 this District Court received an e-mail message from the 5th Circuit Clerk's office requesting issuance of an order assessing an initial partial appellate filing fee in response to the arbitrary denial of Plaintiff's motions.

Trafficking, promotion of prostitution, bribery, extortion, sexual abuse etc. are totally legal in Bexar County, Texas, as primary income to justify and relief an act of control financial public deficit. See Jack Len. O'neal, S.A.P.D officer Sex offender. Ronald Wilson V. State, supra.

The material evidences provided by Mr. Flores to the Magistrate Judge JASON B. LIBBY, clearly reflects, that T.D.C.J IV Regions, are assigned to San Antonio Parole board whose Lead voter is Mr. CHARLES SPEARS a former S.A.P.D officer, appointed by the defendant, REED and criminal partners. For obvious reason Mr. FLORES, never would be release on parole, as 80% of the entire population of T.D.CJ, who represent a threat to the interest of a well organized Human trafficking Judicial Criminal Organization. The defendant parole officer T.D.C.J. Unit JESUS SALINAS, openly recognized on April 7th 2014, when coerively tried to convince Mr. FLORES to dismiss his claim against the defendants. see CHRISTOPHER W. DEMARTINO and criminal partners. e.g., Lanier V. Fair, 876 F.2d 243, 253 (1st Cir. 1989) Parole Board members not absolutely immune for recission of reserve parole date. Scotto V. Almenas, 143 F.3d 105, 111 (2d Cir. 1998) Parole officer not absolutely immune for allegedly preparing false parole violation report and recommending warrant be issued for parolee's arrest. Dawson V. Newman, 419 F.3d 656, 662 (7th Cir. 2005) Parole Board members not absolute immune for allegations of failing to investigate plaintiff's entitlement to release in ordinary course of every day duties. Swift V. California, 384 F.3d 1184, 1191 (9th Cir. 2004) Parole officers not absolutely immune for investigation of alleged parole violations. Sheppard V. State of LA Bd. of Parole, 873 F.2d 761, 763 (5th Cir. 1989) Mr. FLORES timely filed with San Antonio Parole Board the necessary evidences, witnesses and remedies demonstrating Ex post facto conviction and the undeniable injuries inflicted by States officers to avoid his release and instead to honor their duties conspired with the defendants to inflict cruel and unusual punishment to Mr. FLORES.

Defendant SUSAN D. REED is not entitled to absolute prosecutorial immunity, and held civil and criminal liable for the following reasons:

(1) This action §1983 was filed on June 30 2014 date in which defendant REED was on office as Bexar County District Attorney and in totally control of the Fourth Court of Appeals, for obvious reason on or about the same date said court falsely entered in the official record the conspirato-rial MANDATE OPINION, affirming the ExPost Facto and Double Jeopardy conviction.

Tex C.Crim. Proc. ART 2.01 and Government Code clear-ly define the duties, Rules, scope and obligations none of the actions of said defendant REED and sub-ordinates KEVIN D. YEARS or J.MARTIN are within the Role of Prosecutor or Attorneys, rather than final decission makers. Pembaur V. City of Cincinnati, 475 U.S. 469, 481 (1986) County may be liable for Prosecutors actions when Prosecutor acted as final decision maker

In Kalina V. Fletcher, 522 US 118 (1997) the Supreme Court held that a prosecutor is not absolute immune for actions outside of his or her role as an advocate.

(2) The history in Bexar County, Texas reflects that the defendant REED is involved in several genocide crimes against Political Prisoners such as Mr. Flores, disrupt-ted familial relationship with his children; having knowledge and power to prevent such actions; for at least 16 years has been ordering the execution of several orders to her Subordinates to civil and felony courts, Judges and Parole Board officers, to convict by any mean of deception or brutality; and as Share hol-der of T.D.C.J-II Region, also is a final decision maker in actions Prohibit by the 8th Amendment and Convention Against Torture. As Mr. Flores. broadly, briefed in his Amended Complaint filed on December 29th 2014. D.K# 25. in this claim. Allen V. Lowder. 875 F.2d 82.85-86 (4th Cir. 1989) Prosecutor not absolutely immune when securing continued incarceration of defendant after reversal of conviction. Which is the case in this complaint.

3. The contentions on this district court are totally inconsistent with the record. The defendant REED once the tax payers disapproved her, as District Attorney on November 2014, she remained on office until January 2015. And regardless the due diligence of Plaintiff's pro-se representation, on his criminal case, defendant REED, and subordinates, on December 2014, once confronted with the severe injuries inflicted to Mr. FLORES, acting out of her role as an advocate and prosecutor continuously conspired against Plaintiff's life by threatening him, and denying her criminal actions. Certainly Mr. FLORES, confirmed the above allegations on January 15th 2015, through a correspondence written by the insane alleged victim in 2911 CR 1002 and 2012 CR 1969, asking for forgiveness for all her actions, but the evidence reflects that defendant REED and criminal partners, having knowledge and exculpatory evidences that Mr. FLORES and his children are the real victim of several crimes, as provides Title 18 U.S.C [including in the criminal complaint] threatened the insane Ms. RUBIO and one of several sexual partners, the defendant, sex offender and career thief EDWARD GARCIA, to testify against Mr. FLORES, otherwise would face the consequences of their crimes committed against Mr. FLORES.

Therefore consequently with the irreparable injuries and punishment inflicted to Mr. FLORES the defendant REED is absolutely civil and criminal liable. Ryland v. Shapiro 708. F.2d 967 (5th Cir. 1983); Bell v. Milwaukee 746 F.2d 1205 (1984). In addition defendant REED, and criminal partner held liables under The Mandatory Victims Restitution Act.

Plaintiff need not establish physical injury in order to recover nominal, punitive or putative for mental or emotional injury; nevertheless the evidences, and background of the defendants, clearly show that Mr. FLORES had to defend himself of the brutality of physical abuse ordered by the defendants. See Memphis Cmty Sch. Dist. v. Stachura, 477 U.S. 299, 308 n.11 (1986)

Mesa V. Prescean; 543 F.3d 264, 272 (5th cir 2008) arrestee's, pretrial psychological injury can serve as a basis for liability under §.1983. Matfield V. Texas Department of Crim. Justice, 529 F.3d 599, 603 (5th cir. 2008.)

Contrary to the District Court analysis Mr. Flores is claiming damages not solely for the falsity of GARCIA, RUBIO and GEYER'S Testimony, but also because RUBIO and GARCIA are the real offenders who used the false allegations of Aggravated Kidnapping to conceal the embezzlement of Plaintiffs assets on 2011 and January 2012 acting in cahoot with the sex offender R. VARA, and criminal partners. 42 U.S.C. §.1985. West V. Atkins, 487 U.S. 42, 54-55, 57 (1988).

GARCIA, RUBIO and GEYER, were fully aware of Mr. FLORES, innocence and agreed conspired with REED and subordinates to injure the Plaintiff. Ballard V. Wall, 413 F.3d 510, 519 (5th cir. 2005) in this case private attorney acted under color of state law if conspired with Judge or if Judge significantly aided attorneys in attempts to collect money from Plaintiff. Rowe V. City of Fort Lauderdale 279 F.3d 1271, 1283-85 (11th cir. 2002) private citizen did not act under color of state law when unaware of conspiracy with prosecutor or other state actors.

The evidences perfect that the defendant EDWARD A. GARCIA Jr. acting out of his role of Grand Jury Foreman, conspired with REED, DEMARTINO, and EASTLAND to injure Mr. FLORES, denying him his due course of Law, Geostein V. Pugh, 420 U.S. 103, 102 (1975) the 5th and 14th Amendments prohibit the government from depriving an inmate of life, liberty or property without due process of law, A violation of procedural due process requires (1) that the states has interfered with the inmate's protected liberty or property interest, and (2) that procedural safeguards were constitutionally insufficient to protect against

Unjustified deprivations, Wilkinson V. Austin, 545 U.S. 209, 220-24 (2005). The record reflect that Mr. Flores after his kidnapping at gun point was submitted to physical and sexual assaults, denied his Gerstein Hearing; and remain tortured in a metal cage without ventilation in administrative segregation with temperatures over 100 °F in retaliation for this claim. Reeves V. Pettcox, 19 F.3d 1060-62, (5th Cir 1994) In this case due to due process Violation, because prisoner charged with offense, had no fair warning opportunity to know that behavior was Unlawful.

Mr. Flores, not solely has been denied his due process of law, but also such punishment continued in every transfer; therefore such actions, entitled to permanent injunction; in order to abate the defendant's actions. Doug V. McDougall, 454 U.S. 364, 364 (1982)

An Inmate's §1983 claim against one correctional facility, does not become **MOOT**; because he or she is later transferred to another facility, if the facility to which the inmate is transferred continues to deprive the inmate of his rights. Helling V. McKinney 509 US. 25, 35-36 (1993).

Certainly this Court asserts that §1983 Furnish no basis for liability. Sections 1985(2)(3); 1286 do.

Therefore for the aforementioned reasons this Court should Amend its Judgment and GRANT relief as requested in the Amended Complaint filed on December 29 2014.

REYNALDO FLORES
T.D.C.J NO 1912036

NO. SA-15-CA-222-XR (JWP)

## CERTIFICATE OF SERVICE

I, REYNALDO FLORES, Plaintiff-Complainant certify under penalty of perjury that the matters alleged in this motion are true and correct and was transmitted to the clerk of the U.S.D.C. Western District of Texas, John H. Wood Jr. U.S. Courthouse, 655 E. Cesar Chavez Blvd. San Antonio TX 78206-1106 with the proper copy to the U.S. Court of Appeals Fifth Circuit and U.S. Supreme Court in the Appendixes "G" of the Writ of Certiorari, Via U.S. Postal Service First Class, Pursuant to 28 U.S.C § 1746.

Dated April 6th 2015

REYNALDO FLORES.
Plaintiff-Complainant
TDCJ No. 1912036
Cotulla Unit
610 FM 624
Cotulla TX 78014

PRIS

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Corpus Christi)
## CIVIL DOCKET FOR CASE #: 2:14-cv-00283
### Internal Use Only

Flores v. TDCJ Transitorial Planning Depart. Southern
Region Inst. Division et al
Assigned to: Judge Nelva Gonzales Ramos
Referred to: Magistrate Judge Jason B. Libby
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 06/30/2014
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil
Rights
Jurisdiction: Federal Question

**Plaintiff**

**Reynaldo Flores**
*et al*

represented by **Reynaldo Flores**
1912036
Cotulla Unit
610 FM 624
Cotulla, TX 78014
PRO SE

V.

**Defendant**

**TDCJ Transitorial Planning Depart.**
**Southern Region Inst. Division et al**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/30/2014 | 1 | Prisoner Civil Rights COMPLAINT against TDCJ Transitorial Planning Depart. Southern Region Inst. Division et al (Filing fee $ 400) filed by Reynaldo Flores. (Attachments: # 1 Exhibits, # 2 Envelope)(amireles, 2) (Entered: 07/01/2014) |
| 07/01/2014 | 2 | NOTICE to Pro Se Litigant. Party notified, filed. (amireles, 2) (Entered: 07/01/2014) |
| 07/01/2014 | 3 | NOTICE of Exclusion, filed. (amireles, 2) (Entered: 07/01/2014) |
| 07/02/2014 | 4 | NOTICE OF DEFICIENT PLEADING as to Reynaldo Flores. Submit filing fee of $400.00 or a fully complete application for leave to proceed in forma pauperis together with a certified copy of the trust fund account statement. Parties notified. Notice of Compliance due by 7/22/2014, filed. (Attachments: # 1 IFP Form). Mailed to Plaintiff with receipt card. (amireles, 2) (Entered: 07/02/2014) |
| 07/17/2014 | 5 | RETURN of Service Executed as to Reynaldo Flores on 7/14/14 re: received copy of DE #4 and IFP form, filed.(mserpa, 2) (Entered: |

*Appendix B*

| | | |
|---|---|---|
| | | 07/17/2014) |
| 07/17/2014 | 6 | MOTION for Extension of Time to File Compliance Pursuant to 28 USC 1915Motions referred to Jason B. Libby. by Reynaldo Flores, filed. Motion Docket Date 8/7/2014. (mserpa, 2) (Entered: 07/17/2014) |
| 07/18/2014 | 7 | ORDER granting in part 6 Motion for Extension of Time Notice of Compliance due by 8/15/2014.(Signed by Magistrate Judge Jason B. Libby) Parties notified.(mserpa, 2) (Entered: 07/18/2014) |
| 07/18/2014 | 🔒 | (Court only) Document(s) Sent by regular mail to Reynaldo Flores re: 7 Order on Motion for Extension of Time and an application to proceed IFP. Documents mailed to Plaintiff's new address at the Cotulla Unit, TDCJ, 610 FM 624, Cotulla, Tx. 78014. (mserpa, 2) (Entered: 07/18/2014) |
| 07/25/2014 | 8 | MOTION/APPLICATION to Proceed In Forma Pauperis; Motions referred to Jason B. Libby. by Reynaldo Flores, filed. Motion Docket Date 8/15/2014. (lcayce, 2) (Additional attachment(s) added on 7/25/2014: # 1 Exhibit) (lcayce, 2). (Entered: 07/25/2014) |
| 07/25/2014 | 🔒 9 | Prisoner Trust Fund Account Statement by Reynaldo Flores, filed. (lcayce, 2) (Entered: 07/25/2014) |
| 07/25/2014 | 10 | NOTICE of Change of Address by Reynaldo Flores, filed. (lcayce, 2) (Entered: 07/25/2014) |
| 07/30/2014 | 11 | DECLARATION of Kareen Penn, filed.(lcayce, 2) (Entered: 07/30/2014) |
| 07/31/2014 | 12 | MOTION for Extension of Time to File an Amended ComplaintMotions referred to Jason B. Libby. by Reynaldo Flores, filed. Motion Docket Date 8/21/2014. (amireles, 2) (Entered: 07/31/2014) |
| 08/21/2014 | 13 | ORDER granting 12 Motion for Extension of Time to File an Amended Complaint. Amended complaint shall be filed no later than 9/30/2014. (Signed by Magistrate Judge Jason B. Libby) Parties notified.(jalvarez, 2) (Entered: 08/22/2014) |
| 08/21/2014 | 14 | ORDER for Initial Partial Filing Fee and Collection Order as to Reynaldo Flores; terminating 8 MOTION/APPLICATION to Proceed In Forma Pauperis (Signed by Magistrate Judge Jason B. Libby) Parties notified. Copy to TDCJ - Office of the General Counsel. (lcayce, 2) (Entered: 08/22/2014) |
| 09/10/2014 | 15 | DECLARATION of Victor Diaz, filed.(lcayce, 2) (Entered: 09/10/2014) |
| 09/10/2014 | 16 | DECLARATION of Tommy Harris, filed.(lcayce, 2) (Entered: 09/10/2014) |
| 09/22/2014 | 17 | MOTION for Extension of Time to File an Amended ComplaintMotions referred to Jason B. Libby. by Reynaldo Flores, filed. Motion Docket Date 10/14/2014. (amireles, 2) (Entered: 09/22/2014) |
| 09/24/2014 | 18 | ORDER SETTING EVIDENTIARY HEARING. Evidentiary Hearing |

| | | |
|---|---|---|
| | | by telephone conference set for 10/1/2014 at 02:00 PM before Magistrate Judge Jason B. Libby(Signed by Magistrate Judge Jason B. Libby) Parties notified.(lcayce, 2) (Entered: 09/24/2014) |
| 10/01/2014 | | Minute Entry for proceedings held before Magistrate Judge Jason B. Libby. TELEPHONIC EVIDENTIARY/SPEARS HEARING held on 10/1/2014. Appearances:Reynaldo Flores.(Digital # 2:04:18-2:33:03) (ERO:arlene rodriguez), filed.(kbledsoe, 2) (Entered: 10/01/2014) |
| 10/29/2014 | 19 | MEMORANDUM AND RECOMMENDATIONS re 1 Complaint Objections to M&R due by 11/12/2014(Signed by Magistrate Judge Jason B. Libby) Parties notified.(lrivera, 2) (Entered: 10/29/2014) |
| 11/10/2014 | 20 | ACKNOWLEDGMENT OF SERVICE by Reynaldo Flores on 11/3/14 re: M & R, filed.(lcayce, 2) (Entered: 11/12/2014) |
| 11/14/2014 | 21 | MOTION for Extension of Time, Objection to Memorandum and RecommendationMotions referred to Jason B. Libby. by Reynaldo Flores, filed. Motion Docket Date 12/5/2014. (lrivera, 2) (Entered: 11/14/2014) |
| 11/17/2014 | 22 | ORDER granting 21 Motion for Extension of Time.(Signed by Magistrate Judge Jason B. Libby) Parties notified.(lrivera, 2) (Entered: 11/17/2014) |
| 12/22/2014 | 23 | OBJECTIONS to 19 Memorandum and Recommendations, filed by Reynaldo Flores. (lrivera, 2) (Additional attachment(s) added on 12/23/2014: # 1 envelope) (lrivera, 2). (Entered: 12/23/2014) |
| 12/29/2014 | 24 | NOTICE of Objection and Amended Complaint Submitted by Reynaldo Flores, filed. (lcayce, 2) (Entered: 12/30/2014) |
| 12/29/2014 | 25 | OBJECTIONS to 19 Memorandum and Recommendations, filed by Reynaldo Flores. (Attachments: # 1 Continuation, # 2 Continuation) (lcayce, 2) (Additional attachment(s) added on 12/30/2014: # 3 Exhibits, # 4 Exhibits, # 5 Exhibits, # 6 Exhibits, # 7 Exhibits, # 8 Exhibits, # 9 Exhibits, # 10 Envelope) (lcayce, 2). (Entered: 12/30/2014) |
| 01/07/2015 | 26 | Motion to Obtain Docket Sheet by Reynaldo Flores, filed. Copy of current docket sheet mailed to pltff. (lcayce, 2) (Entered: 01/07/2015) |

# Benefit for 'S.A. 4' slated for Saturday

By Drew Joseph
STAFF WRITER

Four San Antonio women who spent more than a decade in prison for a crime they say never happened are holding a fundraiser Saturday night, hoping to meet their supporters in the community.

The benefit, which runs from... to... at Ramirez's apartment.

Over several years, problems with the original prosecution were revealed, ultimately leading to the release of Ramirez, Rivera and Mayhugh in November.

At the time, Vasquez had been out on parole for more than a year but had to return to prison for a parole violation before the charges and convictions for sex of...

Ramirez, Rivera, Vasquez and Mayhugh were released on bail...

The case of Kristie Mayhugh (from left), Cassandra Rivera, Anna Vasquez and Elizabeth Ramirez continues to work its way through the court system.

djoseph@express-news.net

Ignacio Martin Gonzales
No. 1840275
Dolph Briscoe Unit
610 FM 686
Dilley TX 78017

San Antonio
THU 30 APR

CLERK:
Mr. Abel Acosta
COURT OF CRIMINAL APPEALS
OF TEXAS
P.O. BOX 12308, CAPITOL
STATION, AUSTIN TX 78711